Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-5596-15-G

| | | |
|---|---|---|
| **ONOFRE RIOS and** | § | **IN THE DISTRICT COURT** |
| **ELVA RIOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| v. | § | |
| | § | |
| **WELLINGTON INSURANCE** | § | |
| **COMPANY,** | § | **____ JUDICIAL DISTRICT** |
| | | |
| **Defendant.** | | |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ONOFRE RIOS AND ELVA RIOS ("Plaintiffs"), and file this *Plaintiffs'*
*Original Petition*, complaining of WELLINGTON INSURANCE COMPANY ("Wellington" or
"Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the
following:

## I.
### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190 of the
Texas Rules of Civil Procedure.

## II.
### PARTIES

2.      Plaintiff Onofre Rios and Elva Rios are individuals and residents of 2909 E Mile
17 Road, Edinburg, Texas 78542.

Defendant WELLINGTON INSURANCE COMPANY is a Texas domiciled insurance
company engaging in the business of insurance with a principal place of business in the State of



**C-5596-15-G**

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Texas. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701-3218.**

### III.
### JURISDICTION & VENUE

3.      The Court has subject matter jurisdiction over this cause, because the amount in controversy is within the jurisdictional limits of the Court.

4.      Plaintiffs sue for monetary relief less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. The damages sought are within the jurisdictional limits of the Court.

5.      The Court has jurisdiction over Defendant Wellington Insurance Company, because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

6.      Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### IV.
### FACTS

7.      Plaintiffs are the owners of a Texas Property's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Wellington Insurance Company.

8.      Plaintiffs own the insured property, which is specifically located at 2909 E Mile 17 Road, Edinburg, in Hidalgo County, Texas, (hereinafter referred to as "the Property").

9.      Wellington Insurance Company sold the Policy insuring the Property to Plaintiffs.

2

C-5596-15-G

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

10.　In January of 2014, a wind and hail storm caused damages to Plaintiffs' home. Immediately after the incident, Plaintiffs filed a claim with their insurance company, Wellington Insurance Company, for the damages to their home caused by the wind and hail storm.

11.　Plaintiffs asked that Wellington Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the affected areas.

12.　Defendant's adjusters were inadequately trained and failed to thoroughly investigate the damages. Defendant's estimates resulted in Plaintiffs' claims for damages being denied. This caused a delay in Plaintiffs' ability to repair their property and put them at risk of incurring further problems.

13.　Defendant set about to deny properly covered damages. As a result of Defendant's unreasonable investigation of Plaintiffs' claims, including not providing full coverage for the damages sustained by Plaintiffs and thus denying adequate and sufficient payment to Plaintiffs to repair their property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their property, which has resulted in additional damages.

14.　As detailed in the paragraphs below, Wellington Insurance Company wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

15.　Defendant Wellington Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

C-5596-15-G

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

the Policy had been carried out and accomplished by Plaintiffs. Wellington Insurance Company's

conduct constitutes a breach of the insurance contract between Wellington Insurance Company

and Plaintiffs.

16.    Defendant misrepresented to Plaintiffs that the damage to the Property was not

covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Practices. TEX. INS. CODE § 541.060(a)(1).

17.    Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner,

although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

§ 541.060(a)(2)(A).

18.    Defendant failed to deny coverage of Plaintiffs' claim within a reasonable time.

Specifically, Plaintiffs did not receive timely indication of rejection, regarding the full and entire

claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Texas

Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

19.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy,

even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant

performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased,

unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

§ 541.060(a)(7).

20.    From and after the time Plaintiffs' claim was presented to Defendant Wellington

Insurance Company, the liability of Wellington Insurance Company to pay the full claim in

C-5596-15-G

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

accordance with the terms of the Policy was reasonably clear.  However, Wellington Insurance

Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a

reasonable insurance company would have relied to deny the full payment.  Wellington Insurance

Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21.     As a result of Defendant's wrongful acts and/or omissions, Plaintiffs were forced

to retain the professional services of Hoch Law Firm to represent them with respect to these causes

of action.

22.     Plaintiffs' experience is not an isolated case.  The acts and/or omissions Wellington

Insurance Company committed in this case, or similar acts and/or omissions, occur with such

frequency that they constitute a general business practice of Wellington Insurance Company with

regard to handling these types of claims.  Wellington Insurance Company's entire process is

unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

V.
## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST STATE FARM

23.     Defendant Wellington Insurance Company is liable to Plaintiffs for intentional

breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional

breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

24.     Defendant Wellington Insurance Company's conduct constitutes a breach of the

insurance contract made between Wellington Insurance Company and Plaintiffs.

25.     Defendant Wellington Insurance Company's failure and/or refusal, as described

above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in

5

C-5596-15-G

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

question, and under the laws of the State of Texas, constitutes a breach of Wellington Insurance Company's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

26.     Defendant Wellington Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

27.     Defendant Wellington Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

28.     Defendant Wellington Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Wellington Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

29.     Defendant Wellington Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

30.     Defendant Wellington Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation,

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-5596-15-G

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

31.     Defendant Wellington Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

32.     Defendant Wellington Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33.     Defendant Wellington Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

34.     Defendant Wellington Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Wellington Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

35.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a proximate cause of Plaintiffs' damages described herein.

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-5596-15-G**

## VI.
## DAMAGES

36.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute a proximate cause of the damages sustained by Plaintiffs.

37.     As previously mentioned, the damages caused by the storm have not been properly addressed or repaired, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

38.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

39.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

40.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE § 542.060.

41.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

C-5596-15-G

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

42.      For the prosecution and collection of this claim, Plaintiffs have been compelled to
engage the services of the attorneys whose names are attached to this pleading.   Therefore,
Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs'
attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals
and/or the Supreme Court of Texas.

## VII.
## JURY DEMAND

43.      Plaintiff hereby request that all causes of action alleged herein be tried before a jury
consisting of citizens residing in Hidalgo County, Texas.

## VIII.
## TEXAS RULES OF CIVIL PROCEDURE 47(C) STATEMENT REQUIREMENT

44.      At this time, Plaintiffs cannot assess accurately a definite limit to the damages they
have sustained or will sustain in the future as a result of Defendant's acts.  Given the early state of
this litigation, projections have not been declared regarding the full extent and severity of the
damages.  In view of these circumstances, Plaintiffs do not wish to impose any limit on what they
may present to the jury or what the jury may consider as a range of damages in this case; however,
they makes the following representation in compliance with TEX. R. CIV. P. 47(c) to aid in the
efficient court administration.  Plaintiff believes that the most reasonable option afforded under
TEX. R. CIV. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary
relief of less than $100,000.00, exclusive of interest and costs, which is the only option that does
not require Plaintiffs to select a speculative, arbitrary cap on his damages.  Plaintiffs reserves the
right to modify or adjust this statement, as the litigation progresses and additional evidence is
compiled.  Regardless of what Plaintiffs must state for administrative purposes as the amount of
damages they seek pursuant to TEX. R. CIV. P. 47(c), they desire to leave the final determination

**C-5596-15-G**

Electronically Filed
11/10/2015 11:30:10 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

DATE 12 - 18 - 15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#37

/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile
tim@hochlawfirm.com

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **ONOFRE RIOS AND** | § | |
| **ELVA RIOS,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **WELLINGTON INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant** | § | |

---

## VERIFICATION

---

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant/Intervenor CastlePoint National Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Wellington Insurance Company's Original Answer, and as "Exhibit 2" is a true and correct copy of CastlePoint National Insurance Company's Original Petition in Intervention, both filed with the Hidalgo County District Clerk in

Cause No. C-5596-15-G on December 22, 2015.  These factual statements are within my

personal knowledge, and are true and correct."

Further affiant sayeth not.

_____

Thomas F. Nye

 

     SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the

22nd day of December, 2015 to certify which witness my hand and official seal.

NOTARY PUBLIC
NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019
STATE OF TEXAS

_____

Notary Public, in and for the

State of Texas

CAUSE NO. C-5596-15-G

| | | |
|---|---|---|
| ONOFRE RIOS AND | § | IN THE DISTRICT COURT |
| ELVA RIOS | § | |
| | § | |
| VS. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT WELLINGTON INSURANCE COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLINGTON INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its verified original answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

   a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

   b.    that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.


EXHIBIT
1

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Insurance Company denies that it issued an insurance policy for the house or the loss set out in the Plaintiffs' petition.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Alternatively, and to the extent that Plaintiffs allege that Wellington Insurance Company is an agent or has the authority of the Plaintiffs' insurance carrier, Defendant reserves the contractual right to invoke the appraisal clause contained in Plaintiffs' insurance policy and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant has not waived and is not waiving this provision and may assert it in the future.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without delay and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____

Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Wellington
Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 22nd day of December, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Timothy M. Hoch
Hoch Law Firm, P.C.
Email: tim@hochlawfirm.com

**VIA E-FILING**

Thomas F. Nye

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| **THE STATE** | § |
| | § |
| **OF TEXAS** | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller.  I am an Authorized Agent for Wellington Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein.  I have read Paragraph 4 of Defendant's Original Answer and it is true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for Wellington Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _21_ day of December, 2015, to witness my hand and official seal of office.

Notary Public in and for
the State of Texas

CAUSE NO. C-5596-15-G

| | | |
|---|---|---|
| ONOFRE RIOS AND | § | IN THE DISTRICT COURT |
| ELVA RIOS | § | |
| | § | |
| VS. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## CASTLEPOINT NATIONAL INSURANCE COMPANY'S
## ORIGINAL PETITION IN INTERVENTION

Intervenor, CASTLEPOINT NATIONAL INSURANCE COMPANY ("CastlePoint"), files this petition in intervention as a party-defendant.

I.

Defendant/Intervenor CastlePoint was incorporated in Illinois and re-domesticated to California, and has its principal place of business in New York. Accordingly, CastlePoint is a citizen of both the State of California and New York.

II.

Plaintiffs, Onofre Rios and Elva Rios, reside in Hidalgo County, Texas. A copy of this petition will be forwarded to Mr. Timothy M. Hoch, attorney of record for Plaintiffs, via e-filing, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

III.

Defendant, Wellington Insurance Company ("Wellington"), a Texas Corporation, has appeared and answered. Wellington is represented by the undersigned.

IV.

On November 10, 2015, Plaintiffs sued Wellington for breach of contract, violations of the Texas Insurance Code, and other grounds related to an insurance claim made by Plaintiffs. Wellington filed an answer asserting, among other things, that Wellington did not issue an


EXHIBIT
2

insurance policy covering Plaintiffs' property at the time of the incident in question.

Intervenor's Defenses

V.

Plaintiffs allege that Wellington issued a policy covering Plaintiffs' property at the time of the incident made the basis of this lawsuit. However, Wellington did not issue a policy for Plaintiffs' property. The insurance policy in effect at the time of the incident made the basis of this lawsuit was issued by CastlePoint.

VI.

Accordingly, Wellington is an improper party to the lawsuit. The proper Defendant should be CastlePoint. Because CastlePoint has a present justiciable interest in the subject matter of this suit—i.e, defense of the Plaintiffs' claims associated with the policy—it has standing to assert this Plea in Intervention.

VII.

Intervenor denies each and every material allegation contained in Plaintiffs' Petition, and says that the same are not true, in whole or in part, and demands strict proof thereof.

VIII.

Pleading further, Intervenor asserts that it is entitled to a reduction, an offset, or a bar to any recovery by Plaintiffs as set out in Section 33.001 et seq. of the Texas Civil Practice and Remedies Code and other contribution and indemnity plans under the laws of the State of Texas.

IX.

Pleading further and without waiver of the above, Intervenor denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Intervenor denies that the following has occurred:

2

a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.    that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

X.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs includes a specific "Appraisal" clause, which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against the insurance company.  The insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit.  Further, the lawsuit prevented the insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary.  The insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  The insurance company has not waived and is not waiving this provision and may assert it in the future.

XI.

In addition, with regards to any claims against Intervenor for exemplary damages, Intervenor would show that the legal and factual elements necessary to impute any exemplary damages to Intervenor do not exist.

3

XII.

Intervenor would show unto the Court that exemplary damages are not recoverable against them for failure of the Plaintiffs to satisfy the vice principal test.

XIII.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that upon final hearing hereof, that Plaintiffs not recover against Intervenor and that Intervenor go hence with its costs without delay and for such other and further relief, at law or in equity, to which Intervenor may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____

Thomas F. Nye
State Bar No. 15154025

4

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Intervenor CastlePoint
National Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 22ⁿᵈ day of December, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Timothy M. Hoch
Hoch Law Firm, P.C.
Email: tim@hochlawfirm.com

**VIA E-FILING**

Thomas F. Nye